14 F.3d 598
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Michael Alexander WHITE, Defendant-Appellant.
 No. 92-5645.
 United States Court of Appeals,
Fourth Circuit.
 Submitted Dec. 20, 1993.
Dec. 20, 1993.
 
 Appeal from the United States District Court for the Western District of Virginia, at Charlottesville.
 Deborah C. Wyatt, Wyatt & Redinger, for appellant.
 E. Montgomery Tucker, U.S. Atty., Joseph W. H. Mott, Asst. U.S. Atty., for appellee.
 W.D.Va.
 AFFIRMED.
 Before HALL, MURNAGHAN, and HAMILTON, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Michael Alexander White entered a guilty plea pursuant to a plea agreement to possession of cocaine base with intent to distribute it within one thousand feet of a public school or playground in violation of 21 U.S.C. Sec. 841(a)(1) (1988) and 21 U.S.C.A. Sec. 860 (West Supp.1993). The court sentenced him to 110 months imprisonment and eight years of supervised release, and White appealed. Because we find that the record discloses an adequate factual basis for his guilty plea and that White was tried within the time limitations of the Speedy Trial Act, 18 U.S.C. Sec. 3161 (1988), we affirm White's conviction and sentence.
 
 
 2
 White asserts that he pled guilty to possession with intent to distribute cocaine base in violation of 21 U.S.C. Sec. 841(a)(1) (1988), not the more serious offense of possession with intent to distribute within one thousand feet of a public school or playground, 21 U.S.C.A. Sec. 860 (West Supp.1993). As White points out, his written plea agreement, which he and his attorney signed the day before his guilty plea hearing, states that he pled guilty "to the offense(s) Possess with Intent to Distribute Cocaine Base." The written agreement does not reference any statute and does not mention being near a public school or playground. White continues that the Government did not establish an adequate factual basis for his guilty plea as required under Fed.R.Crim.P. 11(f) since there was insufficient evidence that the location of the offense was within one thousand feet of a public school or playground.
 
 
 3
 At the guilty plea hearing, the location of the offense was identified only as "Simmons Lot in Charlottesville." There was no reference to the specific nature of the property. The pre-sentence report, however, identifies the property as "the Simmons Lot at the University of Virginia." White did not dispute this statement at his sentencing hearing.
 
 
 4
 Rule 11(f) requires that the trial court, before entering judgment upon a guilty plea, "mak[e] such inquiry as shall satisfy it that there is a factual basis for the plea." The court may find factual basis for a plea "from anything that appears on record," United States v. DeFusco, 949 F.2d 114, 120 (4th Cir.1991), cert. denied, 60 U.S.L.W. 3717 (U.S.1992), and has wide discretion in determining the existence of factual basis. United States v. Morrow, 914 F.2d 608, 611 (4th Cir.1990). This Court may vacate a conviction pursuant to a guilty plea only if the trial court's violations of Rule 11 affected the defendant's substantial rights. DeFusco, 949 F.2d at 117. This Court reviews factual determinations of the district court under a clearly erroneous standard. United States v. Daughtrey, 874 F.2d 213, 217 (4th Cir.1989).
 
 
 5
 Statements of the accused that facially demonstrate the plea's validity are conclusive absent a compelling reason why they should not be. Via v. Superintendent, Powhatan Correctional Ctr., 643 F.2d 167, 171 (4th Cir.1981). A valid guilty plea constitutes admission of material elements of the crime, McCarthy v. United States, 394 U.S. 459, 466 (1969), and is itself a conviction of the offense charged. Boykin v. Alabama, 395 U.S. 238, 242 (1969).
 
 
 6
 The trial court twice read White the indictment that charged him with possession with intent to distribute cocaine base "within a thousand feet (1000) of a public university or playground." White stated that he understood the charge both times and never voiced any objection to the court's reading of the offense charged to which he was entering a guilty plea. In response to the court's questioning, White acknowledged that he was "close by a public university or public playground" or "within a thousand feet (1000) of some part of it." Therefore, we find that the trial court did not err in its compliance with Rule 11(f) and that its factual finding that White was within one thousand feet of a public university or playground is not clearly erroneous.
 
 
 7
 White alleged in his appellate brief that his Criminal History Category was improperly calculated because three points were improperly assigned to a state conviction involving cocaine. He later filed a Motion to Withdraw the issue from appellate consideration. We grant the motion.
 
 
 8
 White asserts that he was not tried within the seventy-day limitation of 18 U.S.C. Sec. 3161(c)(3) (1988), which requires that trial commence within seventy days of indictment or the date the defendant appears before a judicial officer, whichever occurs last.* Since White entered his guilty plea on July 6, 1992, the seventieth day after his last appearance before a judicial officer on April 27, this claim is meritless. For these reasons, we affirm White's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 Subject to specified delays which toll the time. 18 U.S.C. Sec. 3161(h) (1988)